UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO CITY DIVISION

JAMES JACKSON,

    Plaintiff,

v.                                        CASE NO.:

NSPRMC, LLC d/b/a
NSPIRE HEALTHCARE and
MELBOURNE FL OPCO LLC d/b/a
THE BROOKSHIRE

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES JACKSON ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, NSPRMC, LLC d/b/a NSPIRE HEALTHCARE ("Defendant NSPIRE") and MELBOURNE FL OPCP LLC d/b/a THE BROOKSHIRE ("Defendant Brookshire")(Defendant NSPIRE and Defendant Brookshire are collectively referred to herein as "Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1981.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Brevard County, Florida.

## PARTIES

4. Plaintiff is a resident of Brevard County, Florida.

5. Defendants operate an Assisted Living Facility in Melbourne, in Brevard County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff is a member of a protected class of persons under Section 1981.

7. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

8. Under Section 1981, Defendants are employers prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendants otherwise enjoy, regardless of the employee's race and/or color.

9. At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

### *Plaintiff is a Protected Class Due to His Race (Black and Hispanic)*

13. Plaintiff is a Black and Hispanic (Mexican) man.

14. Thus, Plaintiff is a member of a protected class, an on account of his protected status, Plaintiff benefits from the protections of Section 1981.

### *Plaintiff was Qualified for his Position with Defendants*

15. Plaintiff began working for Defendants as an executive director in February 2022, and he worked in this capacity until August 2022.

16. Plaintiff was qualified for his position and performed the duties of his position with Defendants in a satisfactory manner.

### *Plaintiff Suffered Adverse Employment Action*

17. Throughout Plaintiff's employment tenure with Defendants, Defendant NSPIRE's Corporate Nurse, Maria, and Defendant NSPIRE's

upper management, including Brian, the Vice President of Operations, all singled out Plaintiff, showing him disparate treatment based on his race and ethnicity.

18. Plaintiff's supervisors—all White or Latina—routinely belittled and talked down to Plaintiff based on his race, national origin, and ethnicity.

19. The majority of other employees of Defendants were White.

20. There were no other Black employees who reported to Brian, the Vice President of Operations.

21. Brian, told Plaintiff that he needed to "humble himself."

22. Plaintiff opposed this discriminatory treatment by requesting that his supervisors not speak to him in the belittling manner as they did.

23. However, Plaintiff's supervisors took no remedial action and the disparate treatment continued.

24. In or around mid-June 2022, during a phone call with Brian, Plaintiff asked Brian if his job was in jeopardy and Brian assured Plaintiff that it was not.

25. However, Plaintiff continued to receive disparate treatment from his supervisors.

26. In or around early August 2022, Plaintiff complained to Defendant NSPIRE HR about the disparate treatment that he was receiving from Defendants.

27. However, Defendants took no remedial action and the disparate treatment continued.

28. In retaliation for Plaintiff's protected activity, Defendants' employees, including Plaintiff's supervisors, started unnecessarily scrutinizing Plaintiff's work.

29. On or around August 15, 2022, only two weeks after Plaintiff's protected activity, Defendants terminated Plaintiff based on Plaintiff's race and ethnicity, and in retaliation for engaging in protected activity.

30. Although Brian had previously assured Plaintiff that his job was not in jeopardy, after Plaintiff then complained to HR about the disparate treatment, Defendants terminated Plaintiff's employment.

31. After terminating Plaintiff's employment, Defendants replaced Plaintiff with a White woman.

### COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

33. Plaintiff is a member of a protected class of persons under Section 1981.

34. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race and ethnicity.

35. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

36. Defendants' actions were willful and done with malice.

37. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

38. Plaintiff was injured due to Defendants' violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendants from future violations of Section 1981, and

        remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)    Compensatory damages, including emotional distress, allowable at law;

(e)    Punitive damages;

(f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
## (RETALIATION)

39.    Plaintiff realleges and readopts the allegations of paragraphs 22 through 31 of this Complaint, as though fully set forth herein.

40.    Plaintiff is a member of a protected class of persons under Section 1981.

41. By objecting to Defendants' disparate treatment of Plaintiff based on Plaintiff's race, Plaintiff engaged in protected activity under Section 1981.

42. Defendants retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment with Defendant.

43. Defendants' actions were willful and done with malice.

44. Defendants' retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

45. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

46. Plaintiff was injured due to Defendants' violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendants from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 12th day of February, 2024.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061

Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aketelsen@wfclaw.com
Email: hdebella@wfclaw.com
**Counsel for Plaintiff**